IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RONALD CHANDLER, CHANDLER MFG., LLC, NEWCO ENTERPRISES, LLC, AND SUPERTHERM HEATING SERVICES, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHOENIX SERVICES, LLC,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 7:19-cv-14<br><br><br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT FOR *WALKER PROCESS* PATENT FRAUD (ANTITRUST), OR IN THE ALTERNATIVE, ANTITRUST ON THE BASIS OF SHAM PATENT LITIGATION

Plaintiffs Ronald Chandler, Chandler Mfg., LLC, Newco Enterprises, LLC, and Supertherm Heating Services, LLC (collectively "Chandler Parties" or "Plaintiffs") by their attorneys, serve and file this Complaint for *Walker Process* Patent Fraud (Antitrust), or in the alternative, Antitrust on the Basis of Sham Patent Litigation, complaining of Phoenix Services, LLC ("Phoenix Services") and would respectfully show as follows:

## Nature of the Action

1. Plaintiffs, the Chandler Parties, were sued in the Northern District of Texas for infringement of U.S. Patent No. 8,171,993 in cause no. 7:14-CV-00087-O by Heat On-The-Fly, LLC ("HOTF"). Such action was stayed by agreement of the parties in December, 2015 to await the outcome of an earlier-filed infringement suit on the same patent filed in the District of North Dakota by HOTF against a third-party provider of frac water heating services to the oil drilling

1

COMPLAINT

industry.  The '993 Patent relates to equipment and methods to heat large volumes of water "on the fly" (as opposed to storing large volumes of heated water in ponds or tanks) in cold climates (such as North Dakota in winter) for use in oilfield "fracing" operations.  The jury in the North Dakota litigation found that HOTF asserted the '993 Patent in "bad faith", and the district court in North Dakota found the '993 Patent unenforceable due to inequitable conduct.   These judgments were appealed, and on May 4, 2018, the Federal Circuit affirmed, stating:  "We affirm the district court's declaratory judgment that U.S. Patent No. 8,171,993 is unenforceable due to inequitable conduct" and that the '993 Patent was asserted in "bad faith." *See Energy Heating, LLC, et al. v. Heat On-The-Fly, LLC, et al.,* 889 F.3d 1291, 1296 and 1304 (Fed. Cir. 2018)(attached as Ex. A).   This is the very definition of *Walker Process* fraud and/or sham patent litigation subjecting HOTF to liability including treble damages in violation of the Sherman Act, 15 U.S.C. § 2 for attempted monopolization of the market for frac water heating "on the fly".  *See Walker Process Equip. v. Food Mach. & Cham. Corp.*, 382 U.S. 172, 173-74, 86 S. Ct. 347, 15 L.Ed.2d 247 (1965).   Defendant Phoenix Services is the owner and parent entity of HOTF, and has taken independent acts to further the anticompetitive activities of HOTF identified above including, to this day, seeking to license the '993 Patent to the frac water heating industry through statements on the Phoenix Services' website.  Such acts now also subject Defendant Phoenix Services to liability for treble damages for such antitrust injury.   In addition, the CEO of Phoenix Services also runs HOTF, and on information and belief is the sole employee of HOTF, and was responsible for maintaining the litigation in cause no. 7:14-CV-00087-O.  Plaintiffs' antitrust damages include lost profits and their attorney fees expended to defend the underlying fraudulent and/or sham patent litigation, trebled, as antitrust injury, as well as their attorney fees in bringing this action to enforce the antitrust laws.

## Parties

2. Plaintiff Ronald Chandler is an individual residing in Wichita Falls, Texas.

3. Plaintiff Newco Enterprises, LLC is a limited liability company organized and existing under the laws of the State of Texas, with a principal office located at 5310 Summit Dr., Wichita Falls, Texas.

4. Plaintiff Chandler Mfg., LLC is a limited liability company organized and existing under the laws of the State of Texas, with a principal office located at 5310 Summit Dr., Wichita Falls, Texas.

5. Plaintiff Supertherm Heating Services, LLC is a limited liability company organized and existing under the laws of the State of Texas, with a principal office located at 5310 Summit Dr., Wichita Falls, Texas.

6. Defendant Phoenix Services, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal office at 10260 Westheimer Rd., Suite 460, Houston, TX 77042, and has a registered agent for service, Mark H. Fisher, with an address at 10260 Westheimer Rd., Suite 460, Houston, TX 77042.

## Jurisdiction and Venue

7. These claims arise and are brought under Sections 12 and 16 of the Clayton Act, 15 U.S.C. §§ 22, 26, and Section 2 of the Sherman Act, 15 U.S.C. § 2.

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 22. Phoenix Services transacts business in the Northern District of Texas and the unlawful activities described herein were or will be carried out in, and will cause substantial impact in, this

District.

**Count 1: *Walker Process* Fraud (Sherman Act § 2 Attempted Monopolization)**

10. As the parent entity of HOTF, Phoenix Services is in privity with HOTF and is therefore estopped from disputing the judgments and underlying findings in the district court in North Dakota, as affirmed by the Federal Circuit, that: (1) HOTF asserted the '993 Patent against frac water heating industry participants in bad faith; and (2) that the '993 Patent is unenforceable due to inequitable conduct, including Mr. Hefley acting with deceptive intent as to the U.S. Patent and Trademark Office. However, for clarity, these findings are detailed further below and demonstrate an unlawful attempt to monopolize by HOTF (and independent acts by Phoenix Services to further such attempted monopolization), directed at the relevant market of providers of "on the fly" frac watering heating services and equipment to the oil exploration and production industry in the United States, and which has caused a cognizable antitrust injury to numerous industry participants, including the Chandler Parties.

11. The '993 Patent, which is at the heart of this dispute, is titled "Water Heating Apparatus for Continuous Heated Water Flow and Method for Use in Hydraulic Fracturing." It relates to a "method and apparatus for the continuous preparation of heated water flow for use in hydraulic fracturing," also known as "fracing." More specifically, the invention relates to heating water on demand or inline during the fracing process, instead of using preheated water in large standing tanks. HOTF also refers to this as heating water "on-the-fly." The sole named inventor is Mr. Hefley, the founder of Heat On-The-Fly. He filed the earliest provisional application, Patent App. No. 61/276,950, on September 18, 2009. Thus, the critical date for analyzing the on-sale and public-use bars under 35 U.S.C. § 102 is September 18, 2008, one year before the priority date. (*See* Ex. A at pp. 1296-1297).

12. Before the critical date, Mr. Hefley and his companies performed on-the-fly heating of water on at least 61 frac jobs using the system described in the '993 Patent application. In total, Mr. Hefley's companies collected over $1.8 million for those heat-on-the-fly services. Furthermore, Mr. Hefley knew that the patent process required that he file his application within one year of the first offer for sale or public use. It is undisputed that Mr. Hefley's business partner had discussed the on-sale bar requirement with him. Nevertheless, Mr. Hefley did not disclose any of the 61 frac jobs to the Patent and Trademark Office ("PTO") during prosecution as potential on-sale or public uses of the invention that might have triggered an on-sale bar. Ultimately, the '993 Patent issued on May 8, 2012.  (*See* Ex. A at pp. 1297-1298.)

13. Energy Heating, LLC ("Energy") competes with HOTF in providing water-heating services during fracing.  (Plaintiff in the case at bar, Supertherm Heating Services, LLC ("Supertherm") also competed in this same market during a similar timeframe.)  Energy began using its accused process of heating water on frac jobs in 2012.  Energy initially obtained all jobs through Wind River, a water supplier working for Triangle Oil ("Triangle").  After Energy stopped receiving payment from Wind River, it directly solicited work from Triangle.  Energy alleges that HOTF tortiously interfered with its prospective business relationship with Triangle by calling Triangle and alleging that Energy's water heaters infringed the '993 Patent as a valid and enforceable patent, raising the possibility of a patent infringement lawsuit. Energy ultimately lost the work with Triangle.  Instead, Triangle hired HOTF for its water-heating needs in early December, 2012. (*See* Ex. A at p. 1298.)

14. Just as it did with Triangle, HOTF threatened customers of Supertherm with allegations of infringement of the '993 Patent by Supertherm's water heating equipment

5

COMPLAINT

manufactured by Chandler Mfg., LLC according to Mr. Chandler's designs.  Ultimately, Supertherm's business was harmed to the point where it suspended operations in May, 2016.  HOTF formally brought suit for infringement of the '993 Patent against the Plaintiffs herein, the Chandler Parties, including Supertherm, in cause no. 7:14-cv-00087-O in this Court on December 22, 2014 in Dkt. 33.  HOTF also brought suit against another frac water heating company, Enservco Corp., in cause no. 3:14-cv-03631-M in the Northern District of Texas, and which case was transferred to the district court in Colorado and remains pending.

15.     The case in North Dakota district court, that was ultimately resolved by the Federal Circuit opinion attached as Exhibit A, commenced in January 2013, when Energy sought a declaratory judgment that the '993 Patent was unenforceable for inequitable conduct, invalid as obvious, and not infringed.  In response, HOTF filed counterclaims of infringement, inducement to infringe, and contributory infringement against Energy.  HOTF also filed a third-party complaint against Marathon — an oil company that contracted with Energy for on-demand water-heating services — alleging claims for induced infringement and contributory infringement.  In response, Marathon filed counterclaims of its own, seeking declaratory judgments of invalidity, non-infringement, and unenforceability due to inequitable conduct.  HOTF later added a direct infringement claim against Marathon.  Energy then filed a second amended complaint, seeking declaratory judgment for tortious interference with existing or prospective business relationships and for tortious interference with contracts under state law.  (*See* Ex. A at p. 1298.)

16.     In late 2015, the district court in North Dakota held a jury trial, where the jury found:  (1) HOTF represented in **bad faith** that it possessed the '993 Patent as a valid patent; (2) HOTF knowingly engaged in unlawful sales or advertising practices; (3) HOTF unlawfully

interfered with Energy's contractual rights and prospective business relationship with Triangle Oil; and (4) Energy sustained damages of $750,000 caused by HOTF's intentional conduct. (*See* Ex. A at p. 1298.)

17. Concurrent with the jury trial, the district court in North Dakota held a bench trial on inequitable conduct. After an additional hearing, the district court granted declaratory judgment against the patent owner on the issue of inequitable conduct. *Energy Heating, LLC v. Heat On-The-Fly, LLC*, No. 4:13-cv-10, 2016 WL 10837799, at *4 (D.N.D. Jan. 14, 2016) ("Inequitable Conduct Op."). The district court in North Dakota found "clear and convincing evidence of substantial on-sale and public uses" of the claimed invention as early as October 2006. *Id*. at *2 ¶10. Ultimately, the district court in North Dakota found that, by failing to disclose prior sales and public uses, the inventor effectively withheld material information concerning prior acts with an intent to deceive the PTO into granting the '993 Patent. The district court in North Dakota further concluded that, even if the prior frac jobs were experimental, they were focused on economic viability, not how to meet the claims of the '993 Patent. Thus, the prior frac jobs would not fall under the experimentation exception and Mr. Hefley still would have violated the on-sale bar. Accordingly, the district court in North Dakota concluded the patent was unenforceable for inequitable conduct. (*See* Ex. A at pp. 1298 -1299.)

18. On appeal, the Federal Circuit in May, 2018 affirmed the district court in North Dakota's determination as to inequitable conduct stating:

> Nor did the district court abuse its discretion in finding that there was clear and convincing evidence that the inventor knew that the prior frac jobs were material and specifically intended to deceive the PTO by not disclosing these jobs to it. *Therasense* holds that "clear and convincing evidence must show that the

7

COMPLAINT

applicant made a deliberate decision to withhold a known material reference." *Therasense,* 649 F.3d at 1290 (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)). Furthermore, specific intent to deceive the PTO must be "the single most reasonable inference" that can be drawn from the evidence. *Id.* (quoting *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008))."When there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.* at 1290-91. HOTF argues that the evidence showed that, objectively and subjectively, Mr. Hefley could not have clearly and convincingly known that the 61 pre-critical-date jobs were material. We have reviewed the evidence, however, including the evidence of 61 commercial sales dating back to 2006, and note the absence of contemporaneous evidence of experimentation. In light of our review, we conclude that the district court had sufficient evidence to disbelieve Mr. Hefley's testimony and to find instead that "[t]he single most reasonable inference to be drawn from the evidence requires a finding of deceitful intent in light of all of the circumstances" and that "[i]ntent to deceive was proven by clear and convincing evidence." Inequitable Conduct Op., 2016 WL 10837799, at *4.

(*See* Ex. A at pp. 1302-1303.)

19. Early in 2018, while the inequitable conduct finding as to the '993 Patent was on appeal to the Federal Circuit, the parent company of HOTF, Defendant Phoenix Services, committed additional independent anticompetitive acts by directly encouraging HOTF in fraudulently asserting the '993 Patent against the "on the fly" frac water heating market, in violation of the Sherman Act, 15 U.S.C. § 2. Specifically, when Phoenix Services modified its

8

COMPLAINT

website in early 2018 to threaten the market by stating that a patent license is required to practice the method of heating "on-the-fly", and referencing the '993 Patent, such constitutes a continuing anticompetitive act.  Screen shots of such statements on the Phoenix Services' website are shown below:



9

COMPLAINT



Such statements have continued to appear on the Phoenix Services website, even after the opinion in Ex. A was issued by the Federal Circuit in May, 2018, and even after the time to appeal the inequitable conduct and unenforceability findings as to the '993 Patent to the Supreme Court expired 90 days later, and have even continued at least through January 12, 2019 when the above screen shots were downloaded.  Thus, Defendant Phoenix Services has continued to cause antitrust injury by seeking licenses from the "on the fly" frac water heating market participants knowing the '993 Patent has been adjudicated as unenforceable pursuant to a final and non-appealable judgment.

      20.     Plaintiffs' damages due to the acts of antitrust by HOTF and Phoenix Services have included lost profits, including from customers that have been threatened by infringement claims regarding the '993 Patent, which customers have then ceased doing business with one or more of Plaintiffs.  Plaintiffs have also been forced to incur substantial legal fees by retaining experienced

COMPLAINT

patent litigation counsel to defend against the claims of infringement of the '993 Patent by HOTF, as well as incurring the costs of retaining a technical expert, and related litigation costs.

21. Since Defendant Phoenix Services has acted to encourage the anticompetitive acts of HOTF with respect to the '993 Patent, including with respect to the statements regarding licensing of the '993 Patent by Phoenix Services on the Phoenix Services' website, Phoenix Services is also liable for the antitrust injury due to the anticompetitive conduct of its subsidiary, HOTF, pursuant to the Sherman Act, 15 U.S.C. § 2. "'When the parent controls, dictates or encourages the subsidiary's anticompetitive conduct, the parent engages in sufficient independent conduct to be held directly liable as a single enterprise with the subsidiary under the Sherman Act.'" *Climax Molybdenum Co. v. Molychem, L.L.C.*, 414 F.Supp.2d 1007, 1012 (D. Colo. 2005) (quoting *Nobody In Particular Presents, Inc. v. Clear Channel Communications, Inc.,* 311 F.Supp.2d 1048, 1071 (D. Colo. 2004)).

**Count 2: Sham Patent Litigation (Sherman Act § 2 Attempted Monopolization)**

22. Plaintiffs incorporate by reference paragraphs 1-21 above.

23. Since Mr. Hefley as the sole named inventor of the '993 Patent, and founder of HOTF, has been determined in the final non-appealable judgement reflected in Ex. A to have acted with deceptive intent before the USPTO to obtain the '993 Patent and HOTF has been found to have asserted the '993 Patent in bad faith, HOTF therefore had no reasonable expectation that any suit on the '993 Patent would be successful at the time the suit against Plaintiffs by HOTF was filed. HOTF has thus engaged in sham patent litigation to unlawfully force "on the fly" frac water heating market participants to take a license of the '993 Patent. Such acts are in violation of the Sherman Act, § 2, and have been independently encouraged by Defendant Phoenix Services, and causing the antitrust injury described above.

COMPLAINT

**Demand for Jury Trial**

Plaintiffs demand a jury trial on all issues so triable.

**Prayer**

Plaintiffs pray that, after trial, this Court enter judgment against Defendant as follows:

(a)     An entry of final judgment in favor of Plaintiffs and against Defendant;

(b)     An award of damages in the amount of three times the lost profits and attorney fees incurred by Plaintiff's in defending the infringement allegations of infringement of the '993 Patent plus all related litigation costs, pursuant to 15 U.S.C. § 15(a), together with pre-judgment interest and post-judgement interest to the extent allowed by law;

(c)     An injunction permanently prohibiting Defendant and all persons in active concert or participation with any of them from further acts asserting infringement of the '993 Patent or otherwise advertising that a license of the '993 Patent should be taken or is otherwise available; and

(d)      Plaintiff have such other and further relief as the Court deems just and proper.

Dated:  January 29, 2019

                                        Respectfully submitted,

                              *s/*     *Theodore G. Baroody*
                                Theodore G. Baroody
                                Texas Bar No. 01797550
                            Carstens & Cahoon, LLP
                            13760 Noel Rd., Suite 900
                            Dallas, TX 75240
                            Telephone: 972-367-2001
                            baroody@cclaw.com

                                Don Ross Malone
                                Texas Bar No. 12873500
                            MALONE LAW FIRM
                            P.O. Box 953
                            1901 Lamar St (76384)
                            Vernon, Texas 76385
                            Telephone:  940-552-9946
                            drm@malonelawtx.com

                            *Attorney for Plaintiffs*